UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANNA DEVORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO. C14-5706 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE AND STAY |

This matter comes before the Court on Defendant Allstate Property and Casualty Insurance Company's ("Allstate") motion to bifurcate and stay (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 24, 2014, Plaintiff Anna DeVore ("DeVore") filed a complaint against Allstate in Pierce County Superior Court for the state of Washington. Dkt. 1, Exh. 1.

DeVore asserts nine causes of action, including breach of an insurance contract and extra-contractual bad faith claims. *Id.*

On September 5, 2014, Allstate removed the matter to this Court. Dkt. 1.

On November 6, 2014, Allstate filed a motion to bifurcate and stay. Dkt. 14. On November 18, 2014, DeVore responded. Dkt. 16. On November 21, 2014, Allstate replied. Dkt. 17.

## II. FACTUAL BACKGROUND

This matter arises from a motorcycle accident that occurred on June 18, 2011. DeVore has settled with the other party involved in the accident and seeks underinsured coverage from her carrier Allstate. While it appears that both parties concede that there exists some liability, they have been unable to agree on the amount that Allstate should pay under the policy of coverage. Thus, DeVore has asserted claims against Allstate for breach of the policy of coverage and for bad faith handling of the insurance claim.

## III. DISCUSSION

For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. Fed. R. Civ. P. 42(b). Only one of these criteria need be met to justify bifurcation. *MCI Communications Corp. v. American Telephone & Telegraph Co.*, 708 F.2d 1081, 1166 (7th Cir.), *cert. denied*, 464 U.S. 891 (1983). A decision ordering bifurcation is dependent on the facts and circumstances of each case. *Idzojtic v. Pennsylvania Rr. Co.*, 456 F.2d 1228 (3rd Cir. 1972).

In this case, Allstate has met its burden of showing substantial prejudice if the contract and extra-contractual claims are not bifurcated. Allstate has shown that disclosing evidence in relation to the bad faith claims would substantially prejudice its defense of the contract claim. Dkt. 17 at 2. Moreover, Allstate has shown that there exists a substantial risk that the jury could either be confused by the combined evidence and claims or be improperly influenced by the liability evidence when considering whether Allstate acted in good faith. *Id.* at 3–4. DeVore does not directly address these issues of prejudice, and instead argues that bifurcation is the exception rather than the rule. Dkt. 16. The Court agrees that bifurcation should be used sparingly and depends on the facts and circumstances of each case. However, this is a unique case and Allstate has sufficiently shown that it would be substantially prejudiced if the claims were not bifurcated. Therefore, the Court grants Allstate's motion to bifurcate and stay DeVore's bad faith claims.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Allstate's motion to bifurcate and stay (Dkt. 14) is **GRANTED**.

Dated this 22nd day of December, 2014.

BENJAMIN H. SETTLE
United States District Judge